**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KAPLAN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>Imax Corp., et al.<br><br>Defendants. | Case No. 06-cv-6128 (NRB)<br><br>CLASS ACTION<br><br>DOCUMENT FILED ELECTRONICALLY |
| BERGEN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br>vs.<br><br>GELFOND, et al. | Case No. 06-cv-06313 (NRB) |
| LAROSA, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br>vs.<br><br>IMAX CORP., et al. | Case No. 06-cv-06349 (NRB) |

(additional captions on following page)

**[PROPOSED] ORDER CONSOLIDATING RELATED CASES AND APPOINTING LEAD PLAINTIFF AND LEAD COUNSEL**

| | |
|---|---|
| GUZMAN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br>vs.<br><br>IMAX CORP., et al. | Case No. 06-cv-06235 (NRB) |
| FEENEY, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br>vs.<br><br>IMAX CORP., et al. | Case No. 06-cv-06449 (NRB) |
| REYNOLDS, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br>vs.<br><br>IMAX CORP., et al. | Case No. 06-cv-06693 (NRB) |
| CAIAFA, Individually And On Behalf Of All Others Similarly Situated,<br><br>PLAINTIFFS,<br>VS.<br><br>IMAX CORP., et al. | Case No. 06-cv-07057 (NRB) |
| GRAY, individually and on behalf of all others similarly situated,<br><br>PLAINTIFFS,<br>VS.<br><br>IMAX CORP., et al. | Case No. 06-cv-07162 (NRB) |

Having considered the arguments made in support of the Motion by Gary and Marlene Creagh for consolidation, appointment of lead plaintiff and approval of lead plaintiff's selection of lead counsel pursuant to § 21D(a)(3)(B) of the Securities Exchange Act of 1934 as amended by the Private Securities Litigation Reform Act, 15 U.S.C. §§ 77z-1(a)(3)(B) & 78u-4(a)(3)(B), and for good cause shown, the Court hereby enters the following Order.

**I. <u>CONSOLIDATION</u>**

1. The above-captioned actions are hereby consolidated for all purposes into one action pursuant to Rule 42(a) of the Federal Rules of Civil Procedure and 15 U.S.C. § 78u-4(a)(3)(B)(ii), along with any future-filed or transferred tag-along action relating to Imax Corporation ("Imax") securities.

2. The instant actions and any tag-along actions shall be referred to herein as the "Consolidated Actions." This Order shall apply to the Consolidated Actions and to any and all cases subsequently filed in this Court or transferred to this Court, which action is brought against the defendants and/or any other past or present employee or agent of any defendant which is related to the subject matter of the consolidated Actions and which is brought on behalf of purchasers of Imax securities.

3. The short caption for the Consolidated Actions shall be "*In re Imax Corp. Securities Litigation*, Civil Action No. 06-CV-06128." Every pleading in this Consolidated Action shall bear substantially the following caption:

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE IMAX CORP. SECURITIES LITIGATION | CIVIL ACTION NO. 06-CV-06128 |

4. This Court requests the assistance of counsel in calling to the attention of the clerk of this Court the filing or transfer of any case which might properly be consolidated as part of the Consolidated Actions.

## II. MASTER DOCKET AND MASTER FILE

5. A Master Docket and Master File are hereby established for the Consolidated Actions. The Master File shall be Civil Action No. 06-CV-06128. Entries in the Master Docket shall be applicable to these Consolidated Actions as more fully set forth below. Separate dockets shall also be maintained for each of these Consolidated Actions, and entries shall be made in accordance with the regular procedures of the Clerk of the Court, except as modified by this Order.

## III. NEWLY-FILED OR TRANSFERRED ACTIONS

6. When a case that arises out of the subject matter of this action is hereinafter filed in this Court or transferred from another Court, the Clerk of this Court shall:

a. file a copy of this Order in the separate file for such action;

b. mail a copy of this Order to the attorneys for the plaintiff(s) in the newly filed or transferred case and to any new defendant(s) in the newly filed or transferred case; and

c. make the appropriate entry in the docket for this action.

7. Each new case which arises out of the subject matter of the Consolidated Actions that is filed in this Court or transferred to this Court shall be consolidated with this action and this Order shall apply thereto, unless a party objecting to this Order or any provision of this Order shall, within ten days after the date upon which a copy of this Order is served on counsel for such party, file an application for relief from this Order or any provision herein and this Court deems it appropriate to grant such application.

**IV. <u>APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL</u>**

8. Movants have moved the Court to be appointed as Lead Plaintiff in this consolidated class action and for the approval of their selection of Lead Counsel.

9. Having considered the provisions of § 21D(a)(3)(B) of the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B), the Court hereby determines that Movants are the most adequate plaintiff and satisfy the requirements of the PSLRA. The Court hereby appoints Movants to be the Lead Plaintiff and to represent the interests of the class in the Consolidated Actions.

10. Pursuant to §21D(a)(3)(B)(v) of the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B)(v), Movants have selected and retained the law firm of Cohen, Milstein, Hausfeld & Toll, P.L.L.C. to serve as Lead Counsel. The Court approves Movants' selection of Lead Counsel for these Consolidated Actions.

11. Lead Counsel shall have the following responsibilities and duties, to be carried out either personally or through counsel whom Lead Counsel shall designate:

a. to coordinate the briefing and argument of any and all motions;

b. to coordinate the conduct of any and all discovery proceedings;

c. to coordinate the examination of any and all witnesses in depositions;

d. to coordinate the selection of counsel to act as spokesperson at all pretrial conferences;

e. to call meetings of the plaintiffs' counsel as they deem necessary and appropriate from time to time;

f. to coordinate all settlement negotiations with counsel for defendants;

g. to coordinate and direct the pretrial discovery proceedings and the preparation for trial and the trial of this matter and to delegate work responsibilities to selected counsel as may be required;

h. to coordinate the preparation and filings of all pleadings; and

i. to supervise all other matters concerning the prosecution or resolution of the Consolidated Actions.

12. No motion, discovery request or other pretrial proceedings shall be initiated or filed by any plaintiffs without the approval of Lead Counsel. No settlement negotiations shall be conducted or settlement agreed to without the approval of Lead Counsel.

13. Lead Counsel shall be the contact between plaintiffs' counsel and defendants' counsel, as well as the spokespersons for all plaintiffs' counsel, and shall direct and coordinate the activities of plaintiffs' counsel.

14. All counsel for plaintiffs in the Consolidated Actions shall submit to Lead Counsel detailed time reports reflecting the hours of work expended by each attorney, their billing rate and the subject matter of the work. Time reports shall be submitted on a quarterly basis with the first report due no later than one month following entry of this Order, and shall continue for each subsequent quarter thereafter or on such schedule as Lead Counsel shall determine. Any failure to timely submit such reports to Lead Counsel may result in the disqualification of such unreported time from being reimbursed from any common fund which may be created in the Consolidated Actions.

15. Defendants shall effect service of papers on plaintiffs by serving copies on Lead Counsel by overnight delivery service, fax, hand delivery or by any other method agreed to by plaintiffs and defendants. Plaintiffs shall effect service of papers on defendants by serving copies on counsel for each defendant by overnight delivery service, fax, hand delivery or by any other method agreed to by plaintiffs and defendants.

16. Each attorney not a member of the Bar of this Court who is acting as counsel for a plaintiff or defendant herein shall be deemed admitted *pro hac vice* to practice before this Court in connection with these proceedings.

IT IS SO ORDERED.

DATED: ____________________________ ____________________________________________
UNITED STATES DISTRICT JUDGE